# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

VALERIE COMAROVA,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

2:17-cv-02611-GMN-VCF

**REPORT & RECOMMENDATION**

MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 19], CROSS-MOTION TO AFFIRM [ECF NO. 21]

    This matter involves Plaintiff Valerie Comarova's appeal from the Commissioner's final decision denying Comarova's social security benefits. Before the Court are Comarova's Motion for Reversal or to Remand to Social Security Administration (ECF No. 19) and the Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion to Remand (ECF No. 21). For the reasons stated below, the Court recommends denying Comarova's Motion and granting the Commissioner's Motion.

## STANDARD OF REVIEW

    The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation outlined in 20 C.F.R. § 404.1520. The ALJ concluded that Comarova did engage in substantial gainful activity in 2014. (ECF No. 17-1 at 27). However, the ALJ did find that there was a continuous twelve-month period where there was no substantial gainful activity, and the ALJ used that period for the rest of the analysis. (*Id.*). The ALJ found that Comarova suffered from the following medically determinable severe impairments: degenerative disc disease of cervical and lumbar spine, and obesity. (*Id.*). These impairments did not meet or equal any of the "listed" impairments under 20 C.F.R. Part 404, Subpart P,

Appendix 1. (*Id.* at 29). The ALJ determined that Comarova possessed the residual functional capacity to perform light work with the following limitations: never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; must avoid a concentrated exposure to extreme cold and avoid even moderate exposure to hazardous machinery, unprotected heights and operation control of machinery. (*Id.*). The ALJ determined that Comarova would be able to perform past relevant work as a sculptor or illustrator. (*Id.* at 32). Overall, the ALJ concluded that Comarova was not under a disability within the meaning of the Social Security Act from November 4, 2013 through the date of the decision on July 26, 2016. (*Id.* at 34).

Comarova challenges the ALJ's assessment on one ground. Comarova argues that the ALJ improperly rejected Dr. Cestkowski's opinion. (ECF No. 19 at 5). Comarova argues that Dr. Cestkowski's postural limitation assessments might not allow Comarova to perform past relevant work as a sculptor or illustrator, and none of the hypothetical questions asked of the vocational expert at the hearing included limitations assessed by Dr. Cestkowski. (*Id.* at 8). Specifically, Comarova argues that the ALJ does not refer to a medical opinion which contradicts Dr. Cestkowski's opinion when the ALJ did not fully adopt the limitations assessed by Dr. Cestkowski. (*Id.* at 6).

The Commissioner argues that the ALJ's decision is supported by substantial evidence. (ECF No. 21 at 7). Specifically, the Commissioner argues that the ALJ assigned some weight but did not agree with Dr. Cestkowski's conclusion that Comarova had limitations walking, standing and using arms and hands, because the Doctor's opinion was inconsistent with the record as a whole. (*Id.* at 7-8). The record as a whole showed normal gait, normal neurological findings, and unremarkable examinations of Comarova's arms and legs. (*Id.* at 7).

"When there is conflicting medical evidence, the [ALJ] must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). When rejecting the opinion of an

examining physician, "the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The Court finds that the ALJ did not err in adopting only some of the limitations assessed by Dr. Cestkowski. The ALJ discussed in detail the medical records, and gave explanations for why he did not fully agree with Dr. Cestkowski's medical conclusion. (ECF No. 17-1 at 30-32). The ALJ found that Dr. Cestkowski's conclusions are inconsistent with the record as a whole. (*Id.* at 32). The ALJ gave several clear and convincing reasons throughout the decision on why he discounted Dr. Cestkowski's limitations opinion. (*Id.* at 29-33).

The ALJ discussed several of Comarova's doctors' findings that showed inconsistencies with Dr. Cestkowski's conclusions. (*Id.* at 30). Dr. Vinsant found satisfactory strength in Comarova's extremities in April 2014. (*Id.*). The ALJ noted how Dr. Davis in 2014 found that Comarova had 5/5 motor strength throughout and nonantalgic gait. (*Id.*). Dr. Oruene in 2014 found that Comarova had normal range of motion of the bilateral upper and lower extremities, intact strength and sensation and normal gait. (*Id.*). The ALJ discussed the treatment notes from Desert Orthopedic Center from 2015 where it stated that Comarova had normal coordination and balance. (*Id.*). The ALJ noted Ingham Neuroscience Group in 2015 found Comarova had normal strength and normal gait. (*Id.* at 31). Dr. Duke in November 2015 found normal motor and sensory examination in the bilateral upper and lower extremities and normal gait. (*Id.*).

The ALJ also noted that Dr. Cestkowski's own May 2016 examination found similar findings to the other doctors who examined Comarova. (*Id.*). Dr. Cestkowski found that Comarova had 5/5 motor strength, intact sensation in the bilateral upper and lower extremities, had no difficulty transferring from examining table to floor, no difficulty squatting but could not kneel, and had a non-antalgic gait with no difficulty walking. (*Id.*). However, the ALJ noted that despite Dr. Cestkowski's examination notes, Dr. Cestkowski's limitations opinion stated that Comarova could not walk at a reasonable pace on uneven

surfaces, could stand and walk only four hours per day, and had limited use of hands and arms. (*Id.*). Substantial evidence supported the ALJ's rejection of some of Dr. Cestkowski's conclusions due to the inconsistencies with Dr. Cestkowski's own examination findings, and the record as a whole.

Overall, the Court finds that the ALJ based his determination on substantial evidence in the record. The ALJ provided clear and convincing reasons for not fully adopting Dr. Cestkowski's limitations opinion.

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Valerie Comarova's Motion for Reversal and/or Remand (ECF No. 19) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm. (ECF No. 21) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 30th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE